UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHA PELLETIER | : | CIVIL ACTION NO.: |
| PLAINTIFF | : | |
| | : | |
| V. | : | |
| | : | |
| PETSMART, LLC | : | |
| DEFENDANT | : | MARCH 30, 2021 |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

1.      Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, PetSmart LLC, a limited liability company (f/k/a PetSmart, Inc.)("PetSmart" or "Defendant"), by and through its undersigned counsel, hereby notices the removal of this action to the United States District Court for the District of Connecticut.  As grounds in support of this Notice of Removal, Defendant states the following:

## I.      TIMELINESS OF REMOVAL

2.      On or about March 10, 2021 Plaintiff Marsha Pelletier ("Plaintiff") filed a civil action alleging employment discrimination claims against PetSmart LLC, a limited liability company (f/k/a PetSmart, Inc.) in the Superior Court of Connecticut, Judicial District of Hartford, Docket No. HHD-CV21-6139362-S (the "Complaint").  Copies of the Summons, and Complaint are attached hereto as **Exhibit 1**, pursuant to 28 U.S.C. § 1446(d).  These are the only process, pleadings, or orders known by Defendant to have been served in this action.

3.      Defendant's agent for service of process was served with a copy of the Summons and Complaint on or around March 2, 2021. Defendant was served with a copy of the Summons and Complaint on or around March 3, 2021.

4.     Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on Defendant of the Complaint and within 30 days of this matter becoming removable.

## II.     VENUE

5.     The Superior Court of Connecticut, Judicial District of Hartford, is located within the United States District Court for the District of Connecticut.  28 U.S.C. § 86.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.     BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

6.     This action is properly removable under 28 U.S.C. §1441(b) because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States...."

### A.     AMOUNT IN CONTROVERSY

7.     As set forth above, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…"

8.     In accordance with Connecticut practice, Plaintiff's Statement of Amount in Demand "requests damages 'in excess of $15,000.'"  *Baron v. Maxam N. Am., Inc*., No. 3:11-CV-198, 2012 WL 1247257, at *3 (D. Conn. April 13, 2012); Pl.'s Compl. at p. 8. Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id*. (*citing Vermande v. Hyundai Motor Am., Inc*., 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

9.      Plaintiff's Complaint contains two counts against Defendant, one for age discrimination in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(b)(1) (Count One); and the other for gender discrimination in violation of CFEPA, Conn. Gen. Stat. § 46a-60(b)(1) (Count Two).

10.     In relation to her claims, Plaintiff seeks monetary damages, which include: "compensatory damages, including: back pay, front pay, bonuses, personal days, lost pension/retirement benefits, emotional distress; punitive damages; attorneys' fees; interest … and for all other just and proper relief." (Pl.'s Compl. at p. 7.)

11.     According to the allegations in the Complaint, Plaintiff's employment with Defendant terminated on or about October 29, 2019. (Pl.'s Compl. at ¶ 31.)  Therefore, as of the date of the Notice of Removal, and assuming Plaintiff has not secured a new position, she has been out of work for over one year and five months. According to the allegations in the Complainant, Plaintiff held the position of Store Leader/Manager. (Pl.'s Compl. at ¶ 14.)  Upon information and belief, Plaintiff was compensated at an annual salary of $81,955.93.  Consequently, as of the date of this Notice of Removal, Plaintiff's alleged lost wages are at least $81,955.93. Thus, while Defendant does not concede or admit any damages, based on the likely date of a trial in this matter, Plaintiff's claims for back pay damages, alone, will likely exceed $75,000.00 if she is successful in her claims. If Plaintiff seeks damages for emotional distress, which she has indicated she will, such an award could also potentially exceed $75,000.00.

12.     Finally, where attorneys' fees are potentially recoverable pursuant to statute, which is the case here, such fees may be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc*., No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012); Conn. Gen. Stat. §

46a-104. Given the nature of Plaintiff's claims, his attorneys' fees could exceed $75,000.00 if he is successful.

13.     Plaintiff's costs and expenses are accruing and will contribute to the actual amount in controversy.

14.     Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**B.     <u>DIVERSITY OF CITIZENSHIP</u>**

12.     According to her Complaint, Plaintiff is a resident and citizen of the State of Connecticut.  (Pl.'s Compl. at ¶ 1.)

13.     PetSmart LLC, is a Delaware limited liability company with a principle place of business in Arizona.  (Pl.'s Compl. at ¶ 3.) Its sole member is Argos Holdings LLC, a Delaware limited liability company with a principle place of business in Arizona.

13.1     Argos Holdings LLC's sole member is Argos Intermediate Holdco III LLC. Argos Intermediate Holdco III LLC is a Delaware limited liability company with a principle place of business in Arizona.

13.2     Argos Intermediate Holdco III LLC's sole member is Argos Intermediate Holdco II LLC. Argos Intermediate Holdco II LLC is a Delaware limited liability company with a principle place of business in Arizona.

13.3     Argos Intermediate Holdco II LLC's sole member is Argos Intermediate Holdco I Inc. Argos Intermediate Holdco I Inc. is a corporation organized under the laws of the State of Delaware with a principle place of business in Arizona.

13.4    None of Defendant's members are Connecticut citizens. Thus, under 28 U.S.C. § 1332, PetSmart LLC, a limited liability company, is not a citizen of Connecticut.

14.    Plaintiff improperly identified PetSmart Inc., as a defendant in the state action. PetSmart, Inc. completed a statutory conversion from a corporation to a limited liability company. As a result, PetSmart LLC, a limited liability company (f/k/a PetSmart Inc.) is the remaining entity. Even if the PetSmart Inc. entity continued to exist (which it does not), diversity would still exist in the present matter. As Plaintiff alleges in her Complaint, PetSmart Inc., was a corporation organized under the laws of the State of Delaware with a principle place of business in Arizona. (Pl.'s Compl. at ¶ 2.)

15.    Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as PetSmart is not a citizen of the same state as Plaintiff.

## IV.    <u>CONCLUSION</u>

16.    To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

17.    Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal has been served upon all adverse parties and upon the Clerk of the State Court.

18.    By removing this matter, Defendant does not waive or intend to waive any defense that may be available to it.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Connecticut, Judicial District of Hartford, to the United States District

Court for the District of Connecticut.

**DEFENDANT,**
**PETSMART LLC, A LIMITED LIABILITY**
**COMPANY (F/K/A PETSMART, INC.)**

By: ___/s/ John G. Stretton_____
John G. Stretton (CT19902)
Nicole S. Mulé (CT30624)
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
281 Tresser Blvd., Suite 602
Stamford, CT 06901
Telephone: 203-969-3102
Facsimile: 203-969-3150
john.stretton@ogletreedeakins.com
nicole.mule@ogletree.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 30, 2021, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

<u>*/s/ Nicole S. Mulé*    </u>
Nicole S. Mulé

# EXHIBIT 1

46434970.2

SECRETARY OF THE STATE OF CONNECTICUT
165 CAPITOL AVENUE
P.O. BOX 150470
HARTFORD, CT 06115-0470

NOTICE OF SERVICE OF PROCESS

03/03/2021
PETSMART, INC.
19601 N 27TH AVENUE,
PHOENIX, AZ 85027

Re: PELLETIER, MARSHA    V. PETSMART, INC., ET AL

To whom it may concern:

Legal process has been served on the Secretary of The State of Connecticut as the Statutory Agent for Service of Process for

PETSMART, INC.

in the above referenced matter. Enclosed is a copy of the submission to this office.

Sincerely,
Denise W. Merrill
Secretary of the State of Connecticut

By: RUBY VEAL
  Application Analyst
  860-509-6003

Case #: 0000259799 A 001

Mail Number: 7019 1120 0001 0339 9756

Enc.

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
| --- |

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

RECEIVED
MAR 2  2021
Secretary of the State

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) 95 Washington Street, Hartford, CT  06106 | Telephone number of clerk ( 860 ) 548 – 2700 | Return Date (Must be a Tuesday) 03/30/2021 |
| --- | --- | --- |
| ☒ Judicial District   ☐ G.A. ☐ Housing Session  ☐ Number: | At (City/Town) Hartford | Case type code (See list on page 2) Major: M     Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) Sabatini and Associates, LLC, One Market Square, Newington, CT  06111 | Juris number (if attorney or law firm) 052654 |
| --- | --- |
| Telephone number ( 860 ) 667 – 0839 | Signature of plaintiff (if self-represented) |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) |
| --- | --- |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
| --- | --- | --- |
| First plaintiff | Name:  PELLETIER, Marsha Address:  51 Pine Brook Road, Colchester, CT  06415 | P-01 |
| Additional plaintiff | Name: Address: | P-02 |
| First defendant | Name:  PETSMART, INC., 19601 N 27th Avenue, Phoenix, AZ  85027 Address:  Agent: Secretary of the State of Connecticut, 30 Trinity Street, Hartford, CT  06106 | D-01 |
| Additional defendant | Name:  PETSMART, LLC., 19601 N 27th Avenue, Phoenix, AZ  85027 Address:  Agent: Corporate Creations Network, Inc., 6 Landmark Square - 4th Floor, Stamford, CT  06901 | D-02 |
| Additional defendant | Name: Address: | D-03 |
| Additional defendant | Name: Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
| --- | --- | --- |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date 03/01/2021 | Signed (Sign and select proper box) *James Sabatini* | ☒ Commissioner of Superior Court ☐ _____ Clerk | Name of person signing James V. Sabatini, Esquire |
| --- | --- | --- | --- |

| If this summons is signed by a Clerk: | | For Court Use Only |
| --- | --- | --- |
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. c. The court staff is not permitted to give any legal advice in connection with any lawsuit. d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | File Date TRUE AND ATTEST Alan F. Zaniewski State Marshal Hartford, County |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
| --- | --- | --- | --- |

**RETURN DATE: March 30, 2021**

| | | |
|---|---|---|
| **MARSHA PELLETIER** | : | **SUPERIOR COURT** |
| **VS.** | : | **HARTFORD JUDICIAL DISTRICT** |
| **PETSMART, INC.; and** | | |
| **PETSMART, LLC** | : | **MARCH 1, 2021** |

## COMPLAINT

    1.      Plaintiff, Marsha Pelletier, was and is a Connecticut citizen residing in the Town of Colchester.

    2.      Defendant, Petsmart, Inc., was a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 19601 N 27th Avenue, Phoenix, Arizona 85027.

    3.      Defendant Petsmart, LLC was and is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located at 19601 N 27th Avenue, Phoenix, Arizona 85027.

    4.      On or about February 16, 2021, defendant Petsmart, Inc. filed its withdrawal of business with the Connecticut Secretary of State.

    5.      On or about February 16, 2021, defendant Petsmart, LLC files its registration with the Connecticut Secretary of State.

    6.      Defendant Petsmart, LLC is the same business as Petsmart, Inc.   The company simply changed the legal entity that it operates under. Petsmart, Inc.'s liabilities and assets were transferred to Petsmart, LLC. Petsmart, Inc. and Petsmart, LLC are referred to collectively herein as "defendant".

    7.      At all times material, plaintiff was an employee within the meaning of the

Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(b) *et seq*.

8.     At all times material, defendant was an employer within the meaning of the

Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(b) *et seq*.

9.     Defendant employs 15 or more individuals.

10.    Defendant employed plaintiff.

11.    Defendant owns and operates Petsmart retail stores in the State of Connecticut

including the store located in East Hartford.

12.    Plaintiff worked at defendant's East Hartford store.

13.    Defendant hired plaintiff in August 2002.

14.    Plaintiff's job title was Store Leader/Manager.

15.    Plaintiff was qualified for the job.

16.    Defendant employs Kevin Treanor.

17.    Treanor is a District Manager.

18.    Treanor is a supervisory employee.

19.    Treanor directly supervised plaintiff for a time period in 2019.

20.    In February/March 2019, defendant enlisted plaintiff to help its struggling North

Haven store.

21.    Plaintiff helped the North Haven store.

22.    Treanor was critical of plaintiff's job performance.

23.    Prior to Treanor becoming her supervisor, plaintiff had not received a negative

performance review.

24.    Treanor treated similarly situated Store Leaders/Managers who were not older

women more favorably under similar circumstances when compared to plaintiff.

25.     Plaintiff is female.

26.     Complainant was born in 1961.

27.     Defendant employed Kathy Mitchell.

28.     Treanor disliked Kathy Mitchell.

29.     Mitchell is an older female.

30.     Treanor disliked plaintiff becomes she was an older woman.

31.     Defendant terminated plaintiff on October 29, 2019.

32.     Defendant hired a younger male to replace plaintiff.

33.     Plaintiff's East Hartford store was within a region or district of about 15 stores.

34.     Defendant ranked the 15 stores by performance.

35.     At the time of plaintiff's termination, the East Harford store was scored or ranked in the top half.

36.     Any and all excuses to be offered by defendant would be pretext to mask unlawful age and gender discrimination.

37.     Defendant relied upon information provided by Treanor when deciding to terminate Complainant's employment.

38.     Defendant has a "Care Line" for employees to use to communicate concerns to the company.

39.     One or more employees contacted the "Care Line" to complain about the termination of the Complainant.

40.     Plaintiff files charges against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on or about January 29, 2020.

41.     Plaintiff received a release of jurisdiction from the CHRO on or about December

3, 2020. (Ex.1)

**FIRST COUNT – Age Discrimination in Violation of C.G.S. §46a-60(b)(1)**

1.     Plaintiff repeats and re-alleges the allegations set forth above as though fully set

forth herein.

42.     Defendant, by and through its agents, servants, and/or employees, violated the

Connecticut Fair Employment Practices Act C.G.S. §46a-60b *et seq.* in one or more of the

following ways.

a.     In that defendant interfered with plaintiff's privilege of employment on the basis
       of plaintiff's age;

b.     In that defendant limited and classified the plaintiff by her age in such a way that
       deprived her of opportunities and recognition given to other similarly situated,
       younger co-workers;

c.     In that defendant discriminated against the plaintiff in such a way that adversely
       affected her status as an employee;

d.     In that defendant treated the plaintiff adversely different from similarly situated
       younger employees;

e.     In that defendant terminated the plaintiff on the basis of age;

f.     In that defendant intentionally discriminated against the plaintiff based on her age
       plus gender.

43.     As a direct and proximate result of defendant's violation of Connecticut Fair

Employment Practices Act C.G.S. §46a-60, plaintiff suffered. As a direct and proximate result of

defendant's wrongful discharge, plaintiff has sustained harms and losses including lost wages and employee benefits, emotional distress and harm to professional and personal reputations.

**SECOND COUNT – Gender Discrimination in Violation of C.G.S. §46a-60(b)(1)**

1.      Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

44.     Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60b *et seq.* in one or more of the following ways.

  a.      In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

  b.      In that defendant limited and classified the plaintiff by her gender in such a way that deprived her of opportunities and recognition given to other similarly situated, younger co-workers;

  c.      In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

  d.      In that defendant treated the plaintiff adversely different from similarly situated employees;

  e.      In that defendant terminated the plaintiff on the basis of gender;

  f.      In that defendant intentionally discriminated against the plaintiff based on her gender plus age.

45.     As a direct and proximate result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60, plaintiff suffered. As a direct and proximate result of

defendant's wrongful discharge, plaintiff has sustained harms and losses including lost wages and employee benefits, emotional distress and harm to professional and personal reputations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for appropriate compensatory damages including: damages for back pay, front pay, bonuses, personal days, lost pension/retirement benefits, emotional distress; punitive damages; attorneys' fees; costs; interest; job reinstatement; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 1st day of March, 2021.

*James Sabatini*
James V. Sabatini, Esq.
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

*James Sabatini*
James Sabatini

TRUE COPY
ATTEST

Alan F. Zaniewski
State Marshal
Hartford, County

**STATEMENT OF AMOUNT IN DEMAND**

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

**EXHIBIT 1**

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>**Marsha Pelletier**</u>
**COMPLAINANT**

|  |  |
|---|---|
| vs. | CHRO No. 2040243 |
|  | EEOC No.  16A202000553 |

<u>**Petsmart, Inc.**</u>
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served.  Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

**DATE:**  <u>**December 3, 2020**</u>

Tanya A. Hughes, Executive Director

cc: Complainant: n/a
     Complainant's Attorney: James V. Sabatini: jsabatini@sabatinilaw.com
     Respondent: n/a
     Respondent's Attorney: John G. Stretton: john.stretton@ogletree.com
     Case File

TRUE COPY
ATTEST

Alan F. Zaniewski
State Marshal
Hartford, County

Case #: 0000259799   A 001     7019 1120 0001 0339 9756

PETSMART, INC.
19601 N 27TH AVENUE,
PHOENIX, AZ 85027



7019 1120 0001 0339 9756

9)
THE SECRETARY OF THE STATE
ONNECTICUT
0470
CT  06115-0470

NEOPOST
03/05/2021
US POSTAGE
$007
ZIP 0
041M11